UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
BAXTER THOMAS,

                                          Plaintiff,

                v.                          1:06-CV-0714
                                                    (GLS)(RFT)

STATE OF NEW YORK DIVISION OF PAROLE;
CHAIRMAN ROBERT DENNISON; LISA HOY;
RONALD MEIER; COMMISSIONER GINO NITTI,

                                      Defendants.

APPEARANCES:

BAXTER THOMAS
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

**I.    Background**

      Presently before this Court is a civil rights complaint filed by Baxter Thomas, together with a motion for the appointment of counsel. Thomas, who has not paid the statutory filing fee for this matter, has also filed an *in forma pauperis* application.

      In his *pro se* complaint, which is not a model of clarity, Thomas appears to claim that his constitutional rights were violated in the course of proceedings conducted by the New York State Parole Board. Dkt. No. 1. According to Thomas, he was denied discretionary release on parole on July 23, 2003, and a twenty-four month hold was imposed. Dkt. No. 1 exs. 46, 54.[1] Thomas claims, among other things, that defendant Meier improperly mentioned during the parole proceedings that Thomas had a

---

[1] That decision was affirmed by the Parole Board in March, 2004. *Id*. According to Thomas, he was released on parole in June, 2004. Dkt. No. 1 at ¶ 48.

manslaughter conviction on his criminal record and made inappropriate statements regarding Thomas's sexual preference. *Id.* at ¶¶ 9, 11. Thomas seeks an award of monetary damages. *Id.* at 15.[2] For a complete statement of Thomas' claims, reference is made to the complaint.

## II.     Discussion

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint is frivolous).

In this case, where Thomas seeks to proceed *in forma pauperis*, the Court must also assess the sufficiency of the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

(2)     [S]hall dismiss the case at any time if the Court determines that -

---

[2] The nature of plaintiff's claim is not clear. The first two causes of action set forth in the complaint are merely quotations of sections 241 and 242 of the U. S. Criminal Code. The third cause of action sets forth relevant legal principles regarding the term "color of law." *Id.* at 14-15.

> \*\*\*
>
> > (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*.

In order to proceed with his claim that his parole proceedings were conducted in violation of his constitutional rights, it must appear that Thomas enjoyed a protected liberty interest under New York State's statutory scheme for determining whether to grant or deny an application for parole. *See Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001) (per curiam).

It is well-settled, however, that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and that, as a result, prisoners in New York state are not entitled to the safeguards afforded by federal due process with respect to parole release determinations. *Barna, supra*, 239 F.3d at 171; *Boothe v. Hammock*, 605 F.2d 661, 663-64 (2d Cir. 1979).[3]

Because Thomas has failed to establish that he enjoyed a protected liberty interest in parole release, any alleged deficiencies in the consideration of his parole application do not state a claim upon which relief can be granted under 42 U.S.C.

---

[3] Rather, any alleged violations of procedural requirements "are matters for consideration by the state courts." *Boothe*, 605 F.2d at 665. It does not appear from the complaint that Thomas sought judicial review of the parole proceedings in state court.

§ 1983. The complaint must, therefore, be dismissed.

In light of the dismissal of this action, Thomas' *in forma pauperis* application and motion for appointment of counsel are denied as moot.

WHEREFORE, it is hereby

ORDERED, that Thomas' *in forma pauperis* application (Dkt. No. 2) and motion for appointment of counsel (Dkt. No. 3) are denied as moot, and it is further

ORDERED, this action is dismissed for failure to state a claim upon which relief may be granted, and it is further

ORDERED, that the Clerk serve a copy of this Order on Thomas by regular mail.

IT IS SO ORDERED.

September 27, 2006

*Gary L. Sharpe*
U.S. District Judge